UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 15-24166-CIV-MORENO

NERY C. SANCHEZ,

    Plaintiff,

vs.

PIRIPI VMP, LLC, and TEODORO ARRANZ VELASCO,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS WITHOUT PREJUDICE

Plaintiff, a cook at a restaurant called Piripi VMP, LLC, filed this case for overtime compensation under the Fair Labor Standards Act. Plaintiff included a class claim in her complaint. The Court finds that Plaintiff's complaint does not meet the requisite pleading standard and dismisses the case without prejudice.

THIS CAUSE came before the Court upon the Defendants' Motion to Dismiss **(D.E. 11)**, filed on **December 12, 2016**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED and the complaint is DISMISSED without prejudice. The Court grants Plaintiff leave to file an amended complaint by no later than **March 21, 2016**. Failure to do so may result in the Court closing the case.

### I. Background

Plaintiff, a cook at a restaurant called Piripi VMP, LLC, is bringing a two-count

complaint under the Fair Labor Standards Act. The first count is for recovery of overtime wages and the second is a collective action count. Defendants are the restaurant, Piripi, and Theodore Arranz Velasco, whom Plaintiff maintains has operational control of the restaurant and is directly involved in decisions affecting employee compensation and work hours. Plaintiff alleges that Defendant Piripi had "employees engaged in interstate commerce or in the production of goods for interstate commerce, and/or had employees handling, selling, otherwise working on goods or material that were moved in or produced for interstate commerce by a person." 29 U.S.C. § 203.

Plaintiff's overtime compensation claim states that Plaintiff was paid on a weekly salary basis of $455 at the beginning of her employment and $550 at the end. Plaintiff worked from approximately April 2015 to September 2015. Plaintiff claims she was entitled to overtime compensation at time and a half her regular pay rate for hours worked over 40 hours per week. Plaintiff alleges that during one or more workweeks, Defendants did not pay Plaintiff overtime compensation, which violated 29 U.S.C. § 207.

Defendants are moving to dismiss arguing the pleading standard is not met, and the allegations do not meet the requirements of a class action in a FLSA case.

## II. Legal Standard

"To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions," instead plaintiffs must "allege some specific factual basis for those conclusions or face dismissal of their claims." *Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1263 (11th Cir. 2004). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *See St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am.*, 795 F.2d 948, 953 (11th Cir. 1986). This tenet, however, does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Moreover,

2

"[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 1950. Those "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In short, the complaint must not merely allege a misconduct, but must demonstrate that the pleader is entitled to relief. *See Iqbal*, 129 S. Ct. at 1950.

### III. Legal Analysis

#### A. Overtime Compensation Claim

The pleading standard is at issue in the motion to dismiss. As in *Baide v. Sunsof, Inc.*, No. 14-22255-CIV-MORENO, 2014 WL 5055124, *2 (S.D. Fla. Oct. 8, 2014), the Court again finds *Iqbal* and *Twombly* control the pleading standard in this FLSA case. *See also Diaz v. U.S. Century Bank*, No. 12-21224, 2012 WL 3597510, n.1 (S.D. Fla. Aug. 20, 2012) ("As the Supreme Court has stressed, *Twombly* expounded the pleading standard for all civil actions. Courts in the Eleventh Circuit have affirmed this holding in FLSA cases, specifically distinguishing past contrary case law."); *Gonzalez v. Old Lisbon Rest. & Bar, LLC*, 820 F. Supp. 2d 1365, 1370 n.3 (S.D. Fla. 2011) (noting *Iqbal* controls despite the Eleventh Circuit's decision in *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 763 (11th Cir. 2008)).

This Court agrees with the Defendants that this complaint merely contains a formulaic recitation of the elements of a FLSA cause of action. Unlike in *Baide*, where the plaintiffs provided dates and the amount of hours worked for which they were not paid, this Plaintiff merely states that she worked overtime and was not paid.

Similarly, Plaintiff's complaint lacks a factual foundation for individual or enterprise liability under the Act. The complaint contains a formulaic recitation that Defendants had

3

employees engaged in interstate commerce and that Plaintiff was individually engaged in interstate commerce while working for Defendants. The complaint does not contain any indication as to *how* the Defendants' employees are engaged in interstate commerce. *See Botero v. S. Fla. Pain & Rehabilitation Ctr., Corp.*, No. 12-20924-CIV-MORENO, 2012 WL 2502801, *2 (S.D. Fla. June 28, 2012). Accordingly, the Court grants the motion to dismiss and grants Plaintiff leave to amend her complaint consistent with this Order.

### B. Class Allegations

To establish an opt-in claim under 29 U.S.C. 216(b), an employee need only show that she is suing her employer for herself and on behalf of other employees "similarly situated." "[P]laintiffs need only show 'that their positions are similar, not identical,' to the positions held by the putative class members." *Grayson v. KMark Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (quoting *Sperling v. Hoffman-LaRoche*, 118 F.R.D. 392, 407 (D.N.J. 1988)). Employees should be "'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1259-60 (11th Cir. 2008). Additionally, a plaintiff must show "commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere facts of job duties and pay provisions." *Baide*, 2014 WL 5055124 at *4 (quoting *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002) (cited with approval in *Anderson v. Cagles's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007)).

Plaintiff's complaint does not identify a group of employees of Defendants, who share commonality with Plaintiff. Plaintiff merely states that a group of Defendants' employees were also not paid for overtime. That alone is insufficient to state a claim for an opt-in class.

4

Accordingly the Court grants the motion to dismiss and grants Plaintiff leave to amend the Complaint as set forth in this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this ___4th___ of March 2016.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record